**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302
Voice: 818-225-9040
Facsimile: 818-225-9042

Attorneys for Plaintiff Nicole Rosser
and others similarly situated

ADDITIONAL COUNSEL LISTED ON NEXT PAGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ROSSER, on behalf of Herself and others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| VOLKSWAGEN GROUP OF AMERICA, INC., | **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.* |
| Defendant | |

Manny Starr (319778)
manny@frontierlawcenter.com
Adam Rose (210880)
adam@frontierlawcenter.com
**Frontier Law Center**
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Additional Attorneys for Plaintiff
and others similarly situated

Plaintiff Nicole Rosser ("Plaintiff"), individually and on behalf of all other California citizens similarly situated, brings this action against Defendant Volkswagen Group of America, Inc. ("Defendant" or "VW"), upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, and alleges as follows:

## INTRODUCTION

1.     This consumer class action arises out of VW's failure to properly identify and pay for the diagnosis, repair, and replacement of in tank fuel pumps in Class Vehicles, as defined below, for 15-years or 150,000-miles, pursuant to California Code of Regulations ("CCR") Title 13, Section 1900, et seq.037 and 2038, ("California Emissions Warranty"), relating to Partial Zero Emissions Vehicles and Super Ultra Low Emissions Vehicles, for which VW has received Emissions Credits from the California Air Resources Board ("CARB"), and for which VW has declared Partial Zero Emissions Vehicle qualification with CARB. These vehicles are collectively referred to as "PZEV" vehicles.

2.     Plaintiff's claims relate specifically to all vehicles distributed by VW that are PZEV vehicles and for which VW does not provide 15-years or 150,000-miles coverage relating to in tank fuel pumps ("Class Vehicles").

3.     Pursuant to the California Emissions Warranty, defects which increase regulated emissions in PZEV vehicles, defects which cause PZEV vehicles to fail California emissions tests, and defects which cause the check engine light on PZEV vehicles to illuminate, shall be covered under warranty for 15-years or 150,000-miles.

4.     As detailed further below, CARB has determined that defects which cause illumination of the MIL are covered under the 15-years or 150,000-miles California Emissions Warranty. This is because, pursuant to Title 13, Section 1968.2, the MIL is not supposed to illuminate unless the vehicle's onboard

diagnostic system ("OBDII" or "OBD2") has detected a defect which increases regulated emissions.

5.    Furthermore, defects which cause illumination of the MIL would result in the vehicle failing a California smog check. Thus, defects which cause a vehicle to fail a California smog check also increase regulated emissions and should be covered under the 15-years or 150,000-miles under California Emissions Warranty.

6.    In tank defects in Class Vehicles increase regulated emissions, cause the MIL to illuminate, and cause the vehicle to fail a California smog check. Therefore, the in tank fuel pump sin Class Vehicles should be covered by the California Emissions Warranty.

7.    As a result of VW not providing proper warranty coverage for in tank fuel pumps  in Class Vehicles, Plaintiff and members of the Class and Subclasses have and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty.

8.    VW has failed to extend California Emissions Warranty coverage to in tank fuel pumps in Class Vehicles as required by the CCR. As explained herein, this is an unlawful and unfair business practice.

## BACKGROUND

9.    For decades, VW has been in the business of distributing VW vehicles to the State of California, with the intent to sell VW vehicles to consumers in California. As such, VW vehicles have been subject to state and federal regulations regarding both emissions standards and regarding VW's obligations to provide consumers with warranties relating to emissions related parts.

10.    VW's warranty book indicates that for all vehicles certified as PZEV vehicles, all defects in materials or workmanship that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate (as defined in CCR

section 2037), all defects in materials or workmanship that would increase emissions, and all defects in materials or workmanship that would result in the vehicle not being able to pass a California smog check are warranted for 15-years or 150,000-miles, whichever occurs first (italics added), pursuant to the California Emissions Warranty. The 15-year warranty period is reduced to 10 years or 150,000-miles only for "a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)." The Class Vehicles are all defined as all vehicles distributed by VW which bear an emissions label affixed by VW indicating the vehicle as qualified as a PZEV.

11.    Pursuant to the California Code of Regulations, VW is required to cover all parts that satisfy Section 1990, et seq., as being emissions related parts, for 15-years or 150,000-miles, unless the emissions part is a battery or other zero emission storage device, wherein the warranty is 10 years/150,000-miles.

12.    VW fails to comply with these statutory requirements by failing to provide 15-years or 150,000-miles California Emissions Warranty coverage to Class Vehicles for in tank fuel pump defects which cause illumination of the MIL, which cause an increase in regulated emissions, and/or which would cause a Class Vehicle to fail a smog check.

13.    VW is engaged in a nefarious scheme to limit its warranty exposure under California's emissions warranty requirements in violation of California emissions law by unilaterally defining and wrongfully limiting the parts that should properly be identified as parts covered by the California Emissions Warranty and covered for 15-years or 150,000-miles under the CCR.

14.    Relating to Class Vehicles, any warranted part, as defined by the CCR, that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, increase emissions or that would result in the vehicle not being able to pass a California smog check must be covered for 15-years or 150,000-miles. However, VW's California Emissions Warranty for the Class Vehicles

CLASS ACTION COMPLAINT

1    identifies only a handful of emissions parts that VW contends qualify for the

2    California Emissions Warranty's 15-year/150,000-mile warranty coverage. That

3    list, generated by VW, for its own financial benefit to save warranty costs, is

4    woefully inadequate and incomplete and fails to identify, or provide extended

5    warranty coverage for, all of the emissions related parts that, in fact, qualify for

6    15-year/150,000-mile coverage.

7        15.    By narrowly self-defining the parts that are required to be covered

8    under the California Emissions Warranty, VW is able to reduce the amount of

9    money that it spends on warranty-related repairs, knowing that most if not all

10   dealerships or consumers will not investigate or understand what components

11   should actually and correctly be covered under the California Emissions Warranty

12   as required by the California Code of Regulations.

13       16.    As a result of VW's conduct, Plaintiff and members of the Class have

14   paid and are continuing to pay out of pocket for repairs that should be covered

15   under the California Emissions Warranty. As a further result of VW's conduct,

16   Plaintiff and members of the Class purchased or leased vehicles with warranties

17   which were less valuable than the warranties they were legally entitled to.

18       17.    Plaintiff's theory does not depend on the premise that CARB was

19   deceived by the information that VW submitted, or that CARB ever expressed a

20   concern about VW's classification of components as being covered by the

21   California Emissions Warranty. Plaintiff is not accusing CARB of

22   mismanagement or blaming CARB for VW's inaccuracy. VW alone is responsible

23   for selecting and identifying to CARB the parts that VW has unilaterally identified

24   as being covered by the California Emissions Warranty, as part of its application

25   for vehicle certification. That list may be correct as far as CARB may know. But,

26   as Plaintiff alleges, the list of parts VW submitted to CARB was incomplete, as

27   evidenced by Plaintiff's own experience.

28

CLASS ACTION COMPLAINT

18.     By asserting the claims herein, Plaintiff is not asking for judicial assumption of the role of CARB.  To the contrary, Plaintiff is seeking for the Court to perform an ordinary judicial function, namely, to grant relief under the UCL for business practices made unlawful by statute and to determine, by using the Court's basic factfinding and statutory interpretation litigation tools, whether VW is complying with the California Emissions Warranty law or flouting it systematically.  Further, to the extent that there is any doubt as to whether this Court would be assuming, interfering with, or usurping the functions of CARB, the CARB Declaration (described below) makes CARB's intentions clear. The CARB Declaration states that the Declaration is provided "for the sole purpose of educating the Courts about CARB's interpretation and implementation of California's warranty requirements." The CARB Declaration confirms that CARB does not consider this matter exclusively within its purview and expects the Court to adjudicate these issues.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of VW; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) VW is not a state, state official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

20.     This Court has personal jurisdiction over VW because VW has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

21.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because VW conducts business within the State of California and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

22.    Plaintiff Nicole Rosser ("Rosser") is, and at all times relevant hereto has been, an individual. At all times relevant, Plaintiff resided in Los Angeles, California.  Rosser had the Rosser vehicle diagnosed by a factory authorized VW dealership located in Orange County, wherein it was identified that repairs to parts that should be covered under the California emissions warranty were needed, and wherein coverage was denied.

23.  Defendant VW was and is, upon information and belief, a New Jersey corporation with its principal place of business located in Herndon, Virginia. VW sells PZEV Vehicles, including the Class Vehicles, in the State of California. VW sells Partial Zero Emissions Vehicles and Hybrid Vehicles, including the Class Vehicles, in the State of California.

24.    Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

## SUBSTANTIVE ALLEGATIONS

25.    Rosser purchased and is the owner of a used 2012 Volkswagen Passat, VIN # 1VWBP7A30CC040777 (the "Rosser Vehicle").  She purchased the vehicle or about May 18, 2022 from Dapper Car Sales in Los Angeles, California, and the Rosser Vehicle is registered in California. The Rosser Vehicle is a PZEV, as evidenced by the emissions sticker in the vehicle.  The emissions sticker states that "This vehicle qualified as a PZEV."

26.  On July 5, 2022, at 95,509 miles, the Subject Vehicle was presented for repairs to New Century Volkswagen ("New Century"), located at 1220 S. Brand Blvd. in Glendale, California. New Century is a VW Authorized repair facility.

Plaintiff complained that the Subject Vehicle was abruptly stalling and shutting off if the engine exceeded 2,000 RPMs.   A vehicle abruptly shutting off when the engine exceeds 2,000 RPMs is an indicia of a defective in-tank fuel pump. This condition increases fuel consumption and increases regulated emissions because of an incorrect fuel-to-air ratio, improper fuel atomization, and the pistons not firing at an efficient rate, as further alleged below.

27.    Rosser brought the Rosser Vehicle in for repair because the vehicle was stalling and presented fault codes.

28.    During the diagnostic of the vehicle, it was determined that the fuel pump was defective and needed replacement.

29.    The cost of the diagnostic was $195.00, and the repair facility indicated that the repair would not be covered under warranty.

30.    California Code of Regulations Section 1900, et seq., establish the minimum warranty coverage that VW is required to provide to consumers relating to VW Partial Zero Emissions Vehicles and Hybrid Vehicles that VW imports and distributes in California.

31.    Pursuant to California Code of Regulations Section 2035, with regard to 1990 and subsequent model year vehicles, a "warranted part" is defined as "any part installed on a motor vehicle or motor vehicle engine by the vehicle or engine manufacturer, or installed in a warranty repair, which affects any regulated emission from a motor vehicle or engine which is subject to California emission standards."

32.    Furthermore, California Code of Regulations Section 2037(b) states, in relevant part: "The manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine is:

(1)    Designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board

CLASS ACTION COMPLAINT

pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

(2)    Free from defects in materials and workmanship which cause the failure of a warranted part to be identical in all material respects to the part as described in the vehicle or engine manufacturer's application for certification, including any defect in materials or workmanship which would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, for a period of three years or 50,000 miles, whichever first occurs; and

(3)    Free from defects in materials and workmanship which cause the failure of a warranted part described in section (c) below for seven years or 70,000 miles, whichever first occurs."

33.    With regard to Partial Zero Emissions Vehicles, California Code of Regulations extends the performance and defects warranty period set forth in subdivision 2037(b)(2) and 2038(b)(2) to 15-years or 150,000-miles, whichever occurs first, except that the time period is to be 10 years for a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device). Furthermore, VW's warranty book indicates that vehicles which are certified as PZEV vehicles shall receive a 15-years or 150,000-miles California emissions warranty.

34.    In short, for PZEV vehicles, all defects in materials or workmanship that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate [as defined in the California Code of Regulations section 2037(b)], that would increase the vehicle's emissions, or that would result in the vehicle not being able to pass a California smog check are warranted for 15-years or 150,000-miles, whichever occurs first (italics added). The 15-year warranty period is reduced to 10 years or 150,000-miles only for batteries or zero-emission energy

storage devices.

35.     The repair to Plaintiff's vehicle should have been covered for 15-years or 150,000-miles. This is because the defect increased regulated emissions, illuminated the MIL, and would have caused Plaintiff's vehicle to fail a smog test, as further alleged below.

36.     When a part that is, or should be, covered under the California Emissions Warranty fails as described herein, it also fails to perform as described in the vehicle's application for certification under section 2037(b)(2), as further described below.

37.     VW has acted as alleged herein in an effort to reduce the amount of money that it spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually be covered under the California Emissions Warranty. VW's conduct is part of a systematic effort by VW to avoid complying with California law. If VW complied with the terms of California law by properly identifying all parts that are covered under the California Emissions Warranty, then VW dealerships would properly provide warranty coverage for covered all parts, and consumers would not have to pay out of their own pocket for said repairs.

38.     Furthermore, as a result of VW's failure to cover in tank fuel pumps in Class Vehicles for the duration of the California Emissions Warranty's period, Plaintiff and the Class members were damaged at the time they purchased or leased a Class Vehicle. Specifically, when Plaintiff and the Class members purchased or leased a Class Vehicle, they received a vehicle with a less valuable warranty than the warranty they were entitled to because of the truncated in tank fuel pumps warranty.

39.     VW's conduct violates California's unfair business practices statute, California Business and Professions Code sections 17200 *et seq*. (the "UCL").

40.    Plaintiff and other Class members have suffered damage as a result of VW's wrongful, unfair, and unlawful conduct.

## INJUNCTIVE AND DECLARATORY RELIEF

41.    Plaintiff's action seeks primarily injunctive relief and declaratory relief, declaring that VW's current and past practices as alleged herein do not comply with the CCRs and with the California Emissions Warranty laws, compelling VW to properly and fully identify that in tank fuel pumps in Class Vehicles should be covered by the California Emissions Warranty, compelling VW to identify the correct warranty period for in tank fuel pumps, and compelling VW to provide warranty coverage for in tank fuel pumps  pursuant to the California Emissions Warranty. The recovery of out-of-pocket expenses is restitution, not damages, and is ancillary to Plaintiff's primary goal of obtaining declaratory relief and/or requiring Defendant to properly and fully comply with the California Emissions Warranty as described herein. Plaintiff would bring this action to obtain the injunctive and declaratory relief sought. Any monetary relief that would flow to the members of the Classes would be ancillary to the injunctive or declaratory relief obtained.

42.    Plaintiff is entitled to equitable and injunctive relief.  Indeed, Plaintiff alleges a UCL claim only, which expressly provides for restitution and injunctive relief, which are his remedies at law.  Plaintiff does not allege a CLRA violation, which would provide for damages.

43.    Future injunctive relief is necessary because there is an imminent likelihood of future harm. Specifically, due to the extremely technical nuances of the CCR, due to a total lack of knowledge on the part of consumers with regard to how to determine if a part is an emissions-related warranted part, it is simply not realistic that consumers will have any awareness of VW's wrongful conduct. Without an injunction to, *inter alia*, compel VW to cover the in tank fuel pumps under the California Emissions Warranty, Plaintiff and consumers generally will

1    not be able to compel VW to cover the repair under warranty.

2        44.    Further, VW is systemically continuing to fail to properly identify all

3    parts that should properly and correctly be covered under the California Emissions

4    Warranty as emissions-related parts.  These parts include the parts identified in the

5    "OBD2 Summaries" (also referred to as "OBDII Summaries") discussed below

6    and parts that increase regulated emissions that are not currently covered under

7    VW's California Emissions Warranty.

8        45.    Due to VW's continuing conduct, Plaintiff is unable to rely on VW to

9    properly identify all the parts that should properly be covered under the California

10   Emissions Warranty and thus Plaintiff will have no way of knowing in the future

11   whether VW, in fact, is complying with the California Emissions Warranty as

12   required. Plaintiff is in the market to purchase another vehicle.  However, absent

13   injunctive relief, Plaintiff will not know whether it makes sense to spend his

14   money on another VW vehicle on account of VW's noncompliance with the

15   California Emissions Warranty and Plaintiff will have to deal with the same sort

16   of warranty coverage issues again, and, if Plaintiff does purchase another VW

17   vehicle, Plaintiff might reasonably, but incorrectly, assume that VW complied

18   with all the requirements of the California Emissions Warranty, when it did not.

19   To the extent that Plaintiff does not purchase another VW vehicle, it will be

20   because, at least in part, he is unable to rely on NNA to comply with the

21   requirements of the California Emissions Warranty.

22       46.    Therefore, Plaintiff seeks injunctive relief and/or declaratory relief

23   pursuant to 28 U.S.C. section 2201 that VW is in violation of, and must comply

24   with, the California Emissions Warranty namely, that NNA, *inter alia*, identify

25   and cover the in tank fuel pumps under the California Emissions Warranty.

26       47.    Further, the harm suffered by Plaintiff and members of the Class and

27   perpetrated by VW, is not adequately compensable with damages. The entire

28   purpose of the California Emissions Warranty is to protect the environment. The

California Emissions Warranty was enacted by the State of California to restrict harmful greenhouse gas emissions from gasoline and hybrid gasoline engines. The fundamental purpose of the emissions requirements is to reduce emissions, limit fuel consumption and increase fuel efficiency, by forcing manufacturers to repair and/or replace failed emissions-related vehicle components under warranty, thereby decreasing greenhouse gas emissions, including carbon dioxide emissions.

48.    Indeed, motor vehicle use is the single greatest source of U.S. air pollution and is the cause of more air pollution than any other human activity. (Cars, Fuels, and Clean Air: A Review of Title II of the Clean Air Act Amendments of 1990 (1991) 21 Envtl. L. 1947, 1949). Many of these pollutants consist of hydrocarbons and nitrous oxides which react to form photochemical oxidants in the atmosphere. The most notorious of these photochemical oxidants is ozone – the primary component of urban smog. (California Air Resources Bd., Staff Report: Proposed Regulations for Low-Emission Vehicles and Clean Fuels (Aug. 13, 1990) at p. 3). Cars also produce nearly two-thirds of all carbon dioxide emissions. Carbon dioxide content in the atmosphere is closely linked to global temperature because the temperature of the Earth is primarily determined by the balance between its absorption of energy from the Sun, and the reflection of a portion of this energy back into space. Carbon dioxide – a greenhouse gas – traps the energy and heat which would have otherwise escaped back into space, and re-emits it, causing the warming of our atmosphere. This process is known as the "greenhouse effect."

49.    Therefore, the State of California highly regulates emissions from gasoline and hybrid gasoline engines, specifically greenhouse gas emissions. In September 1990, pursuant to its broad authority to regulate and reduce environmentally harmful vehicle emissions under Health and Safety Code §§ 43013(a) and 43205, CARB submitted, and the Legislature adopted, California Code of Regulation §§ 2035, et seq., which requires all manufacturers to provide a

statutorily compliant emissions warranty to all vehicles distributed and registered in California.

50.    In September 2004, CARB approved the "Pavley" Greenhouse Gas Regulations to control greenhouse gas emissions from new LEV II vehicles beginning with the 2009 model year. These Greenhouse Gas Regulations added four greenhouse gas air contaminants to the vehicular criteria and toxic air contaminant emissions that California was already regulating –carbon dioxide ($CO_2$), methane ($CH_4$), nitrous oxide ($N_2O$), and hydrofluorocarbons (air conditioner refrigerants). The State and federal government have specifically focused on regulating greenhouse gas emissions, including carbon dioxide emissions. If a gas vehicle has a defect which increases fuel consumption, that defect increases carbon dioxide emissions.

51.    Notwithstanding State and federal regulations designed to protect our air, monitoring shows that over 90 percent of Californians breathe unhealthy levels of one or more air pollutants during some part of the year. Despite CARB's best efforts, in 2020, "there were 157 bad air days for ozone pollution—the invisible, lung-searing gas in smog—across the vast, coast-to-mountains basin spanning Los Angeles, Orange, Riverside and San Bernardino counties. That's the most days above the federal health standard since 1997." (Barboza, Tony (Dec. 6, 2020) L.A. Began 2020 With A Clean-Air Streak but Ended with Its Worst Smog in Decades, Los Angeles Times [https://www.latimes.com/42alifornia/story/2020-12-06/2020-laair-quality-southern-california-pollution-analysis].) One of the reasons that our environment is in such a state of crisis is that corporations are not following our very thoroughly formulated rules.

52.    Accordingly, damages are inadequate to compensate for the foregoing harms caused by VW's violation, and continuing violation, of the California Emissions Warranty. Money damages will not fix the harm caused by Defendant's violation of emissions laws, which requires equitable relief.

53.    Further, VW and car manufacturers should not be able to shirk their legal responsibilities simply by paying damages. Simply paying off consumers undermines the entire purpose of the California Emissions Warranty and will leave VW in the position of being able to continue to violate the law and increase harmful vehicle emissions by just paying damages. Ironically, this result will leave Plaintiff and members of the Class in an even worse position than by simply receiving monetary compensation alone.

54.    Moreover, payment of damages does not ensure that the emissions parts will actually be repaired. That result will only be ensured by forcing VW to cover the repair under the California Emissions Warranty as required.

55.    Further, equitable relief is required because damages alone will not be sufficient for Class members to identify all parts whose defects result in fault codes identified in the OBD2 Summaries being triggered. Only VW has done the analysis and knows the fault code logic that would allow for identification of all required fault codes to CARB and all parts that give rise to those fault codes so that those parts can be identified and properly covered under the California Emissions Warranty. In effect, Plaintiff's request for equitable relief is the only way to get VW to do what it is required to do.

56.    Plaintiff and other Class members still own Class Vehicles and in the future will need to repair or replace in tank fuel pumps in their vehicle while it is still within the 15-year and 150,000-mile California Emissions Warranty period. At this time, with regard to the Class Vehicles, VW is refusing to provide California Emissions Warranty coverage for in tank fuel pumps.

### CARB DECLARATON

57.    The California Air Resources Board has provided a Declaration from Allen Lyons, who, at the time the Declaration was made, was the Chief of the Emissions Certification and Compliance Division of CARB regarding the California Emissions Warranty. The Declaration (the "CARB Declaration") was

made "for the sole purpose of educating the Courts about CARB's interpretation and implementation of California's warranty requirements." The CARB Declaration sets forth CARB's interpretation of certain of the foregoing CCR provisions, including how to define a "warranted part" for purposes of the California Emissions Warranty.

58.    The CARB Declaration states, in relevant part, that "warranted parts" under the California Emissions Warranty "include any components that can or are required to illuminate the OBD Malfunction Indicator Light (MIL) in the event of a malfunction, even if the primary function of the component is not emission control, within the warranty period. (Cal. Code Regs., tit. 13, § 2037, subd. (b)(2).) The MIL is a light located on the driver's side instrument panel that, when illuminated, is amber in color and displays "Check Engine/Powertrain," "Service Engine/Powertrain Soon," or the International Standards Organization (ISO) engine symbol; the MIL illuminates to notify the driver of detected malfunctions of OBD-monitored emissions systems on the vehicle. (Cal. Code Regs., tit. 13, § 1968.2, subds. (a), (d)(2.1.1) & (2.2.).)"

59.    As further alleged herein, VW has systemically failed to follow the foregoing standards. VW has engaged in a custom and practice of completely disregarding its obligations under the CCRs with respect to the California Emissions Warranty.

60.    Specifically, Defendant has an obligation under the California Emissions Warranty to identify all emissions-related vehicle components for which there should be warranty coverage. As a custom and practice, VW has interpreted this obligation too narrowly, resulting in VW wrongfully failing to identify numerous vehicle components as emissions-related vehicle components under the California Emissions Warranty, including, but not limited to, in tank fuel pumps .

61.     The CARB Declaration also clarifies the standard for determining whether a warranted part is emissions-related. According to CARB, as set forth above, any vehicle part that causes the MIL to illuminate and/or affects regulated emissions is an emissions-related part under the California Emissions Warranty law. This is not the standard that VW has been using.

62.     Based on the CARB Declaration, VW is required to provide coverage for all components whose failure: (1) affects any regulated emission from a motor vehicle; and (2) can or are required to illuminate the MIL, even if the primary function of the component is not emissions control. The California Code of Regulations mandates that the purpose of the MIL is to notify the driver of defective malfunctions of the OBDII monitored emissions systems of the vehicle; and/or failures which will cause a vehicle to fail a smog test as mandated by the California Health and Safety Code.

63.     VW, as a matter of custom and practice, has failed to identify as covered components all components which can or are required to illuminate the MIL. Furthermore, VW fails to identify all components whose failure affects a regulated emission.

64.     VW has the ability to determine what component failures result in the MIL illuminating. Furthermore, California Code of Regulations Section 1968.2 specifically mandates that the MIL should not illuminate unless there is an emissions-related defect, and the regulations mandate that if a component's failure can or does cause the MIL to illuminate, coverage under the California Emissions Warranty follows. Yet, VW does not provide the required coverage.

**IN TANK FUEL PUMPS ARE AN EMISSIONS-RELATED PARTS**

65.     The in-tank fuel pump is a "warranted part" pursuant to 13 CCR § 2037(b)(2) because a defect or failure in the in-tank fuel pump will cause an increase in greenhouse gas emissions; will cause the "MIL" light to illuminate; and will cause the vehicle to fail a smog check.

66.    To the best of Plaintiff's current knowledge, every automobile manufacturer except for VW identifies the in tank fuel pump as an emissions-related component. That is, in part, because a defect in the fuel pump indisputably affects regulated emissions.

67.    The in tank fuel pump directly affects regulated emissions as follows: most modern fuel injection vehicles have a fuel tank, a low-pressure fuel pump, fuel lines, a high-pressure fuel pump, and fuel rails which contain fuel injectors. While these vehicles generally have both low and high-pressure fuel pumps, the low pressure or in tank fuel pump is what supplies the high-pressure pump with the fuel it needs for proper engine operation.

68.    Fuel is pumped from the in tank fuel pump through the fuel lines and into the high-pressure fuel pump. The high pressure fuel pump compresses the fuel and feeds it into the fuel injector. The fuel injector shoots the fuel into the engine's cylinders where the fuel mixes with air. The engine's pistons then slide upwards where they snugly fit into the engine's cylinders and compress this air/gas mixture even further. Once the pistons slide up into the cylinder, a spark plug ignites the air/gas mixture, which causes a tiny explosion. The energy from this tiny explosion inside the cylinder then violently thrusts the piston downwards, which in turn powers the crankshaft. The crankshaft ultimately spins the tires, which allows the vehicle to move forward, and the spent fuel is expelled through the vehicle's exhaust.

69.    A defective in tank fuel pump causes major performance and drivability issues as a result of its failure to pump the correct fuel pressure and volume into the fuel lines and to the high-pressure fuel pump. This results in an incorrect fuel-to-air ratio, improper fuel atomization, and the pistons not firing at a efficient rate, causing an increase in regulated emissions, as well as significantly lowering gas mileage. Accordingly, the in tank fuel pump is a "warranted part" as

defined by 13 CCR § 2037(b)(2) because a defect or failure in the fuel pump will cause an increase in regulated emissions.

70.     Further, the in-tank fuel pump is an "emissions-related" part because a defect in the in-tank fuel pump will cause the MIL to illuminate. As discussed below, the MIL only illuminates when the OBDII system has detected a tangible increase in regulated emissions. The OBDII uses sensors to gather data which is evaluated using the OBDII's fault code logic. If the OBDII logic determines that the data is outside of an acceptable range, a fault code is triggered—which means that the OBDII has identified a defect which increases regulated emissions.

71.     On information and belief, VW's own documents, including VW's OBDII summaries discussed below submitted to CARB as part of the vehicle certification process, identify the specific fault codes relating to in tank fuel pumps  that directly correlate with increased emissions and confirm an emissions-related defect. Also, as confirmed by the VW's OBDII summaries, these fault codes cause the OBDII MIL to be illuminated. The fault codes identified in VW's OBDII summaries confirm that there is a defect relating to an emissions related part.

72.     All of the Class Vehicles are equipped with an OBDII onboard diagnostic system. The system uses sensors to gather data which is evaluated using OBDII fault code logic. If the OBDII logic determines that the data is outside of an acceptable range, a fault code is triggered, identifying a defect which increases regulated emissions. When VW seeks certification of vehicles for distribution in California, VW is required, pursuant to 13 CCR 1968.2, to provide CARB with all of VW's OBDII fault codes and the corresponding logic. Accordingly, when a part that is, or should be, covered under the California Emissions Warranty fails, triggering an OBDII fault code, it fails to perform as described in the vehicle's application for certification. Upon information and belief, these fault codes are submitted to CARB by VW as "OBD2 Summary

Tables". VW submitted OBD2 Summary Tables or similar documents to CARB for every Class Vehicle and for every model year that the vehicles were certified for sale in California and that are at issue in this case.

73.     The OBD2 Summary Tables identify the Components/Systems monitored by OBDII, the acceptable ranges relating to the data gathered, the corresponding emissions fault codes and that the MIL will be triggered when a defect is identified. The purpose of the OBDII system, as confirmed in the CCR, is specifically to monitor emissions-related components. This is why VW is required to develop a compliant OBDII system which identifies emissions related defects, triggering a fault code and a MIL. The fault codes are used to assist technicians in repairing the vehicles, whereas the MIL is used to alert the driver of a defect. This means that every defect that triggers the emissions fault codes identified by VW in the OBD2 Summary Tables and the MIL is, by definition, an emissions-related defect. The OBD2 Summary Tables, among other documents, identify the parts that have not already been identified as emissions-related parts by VW in its warranty books but which, when defective, can or do trigger an emissions fault code and result in illumination of the MIL.

74.     Therefore, VW is required to cover under the California Emissions Warranty any defect that triggers a fault code identified by VW in its OBD2 Summary Tables submitted to CARB or that should properly be identified on the OBD2 Summary Tables, because such a defect affects regulated emissions.

75.     A defect in the in tank fuel pumps that triggers emissions fault codes in the OBDII system and identified on the OBD2 Summary Tables will also cause the MIL to illuminate.

76.     The foregoing framework and analysis addresses and precludes any potential "slippery slope" argument or concern that every vehicle part could potentially be "emissions-related." This litigation is not dependent on the assertion that "emissions-related parts" are defined as every part in the OBDII system.

Rather, this litigation asserts that there should be California Emissions Warranty coverage, at the very least, for the parts, components, or systems whose defects trigger fault codes identified on the OBD2 Summary Tables and cause the MIL to be illuminated. This includes in tank fuel pumps installed on Class Vehicles. This is because said parts undeniably are "emissions-related" and fail in a manner that increases regulated emissions.

77.     VW knows which fault codes these are because VW is required to provide to CARB all the fault codes that trigger a MIL and the specific emissions-related conditions that trigger the fault codes as set forth in the OBD2 Summary Tables. Further, as confirmed in the CARB Declaration, emissions-related parts include any components that "can" or are required to illuminate the MIL in the event of a malfunction, even if the primary function of the component is not emissions control.

78.     Further, the presence of an increase in regulated emissions or the illumination of the MIL, will necessarily result in the vehicle being incapable of passing a California smog check, which is another indicia of an "emissions-related" part.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

79.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

80.     Plaintiff brings this action on his own behalf, as well as on behalf of all Class members similarly situated, pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(1), (2) and/or (3) and/or (c)(4).

81.     Plaintiff reserves the right to redefine the Class and Subclasses and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

82.    VW's California Emission Warranty applies to vehicles purchased and registered in States which, in the year the vehicle was distributed, had adopted the California Emissions Warranty, i.e., "Reg. 177 States" or "Section 177 States."

83.    On information and belief, VW's California Emission Warranty applies to vehicles purchased and registered in California, Connecticut, Delaware, Maine, Maryland, Massachusetts, New Jersey, New York, Oregon, Pennsylvania, Rhode Island, Vermont, or Washington (i.e., "Reg. 177 States" or "Section 177 States," namely, States that have adopted California's Low-Emission Vehicle (LEV) criteria pollutant and greenhouse gas (GHG) emission regulations and Zero Emission Vehicle (ZEV) regulations under Section 177 of the Clean Air Act, 42 U.S.C. §7507).

84.    Defendant's emissions warranty representations arise out of California law that Defendant must apply outside of California to the vehicles in the States listed. Accordingly, Defendant's conduct was specifically intended to have effects outside of California and was specifically intended to apply to vehicles and members of the Classes in those States that Defendant chose to include by the express terms of the California Emissions Warranty.

85.    Under these unique circumstances, California has a specific interest in regulating conduct outside of California that specifically invokes California emissions requirements and California emissions regulations and has an interest in preventing illegal practices that involve breach of California Emissions Warranty law that Defendant has chosen to invoke outside of California in the States covered by the Reg. 177 Class and Subclass. As Defendant seeks to apply the California Emission System Warranty to members of the Classes and vehicles in the listed States outside of California, members of the Classes in those States likewise should be included in a claim that seeks to vindicate their rights under that same warranty in California and should have the ability to have their rights under that warranty asserted in California and pursuant to California law.

86.     VW's own express application of the California Emissions Warranty constitutes a sufficient connection between California and out-of-state potential Class members. Further, VW's misconduct, namely, its failure to identify all emissions-related warranted parts to CARB, a California regulator, occurred in California, and even out-of-state purchasers were harmed by VW's conduct that occurred in California. VW failed to disclose, in its submissions to CARB, the parts that are properly covered by the California Emissions Warranty, including, but not limited to, in tank fuel pumps.

87.     As alleged herein, VW is solely responsible for selecting and identifying to CARB all of the parts that should be classified as emissions warranted parts, and VW failed to include in tank fuel pumps and other components. Californians and out-of-state potential Class members in the additional States covered by the California Emissions Warranty suffered an identical harm – they were forced to pay the costs of in tank fuel pumps diagnosis, repair, or replacement, which should have been covered under the California Emissions Warranty, and were provided with warranties which were less valuable than the warranties they were legally entitled to at the time they purchased or leased their Class Vehicle.

88.     Under these unique circumstances, California has the greater interest in applying California's consumer laws to enforce compliance with the California Emissions Warranty than the other States have in using their consumer laws to enforce the same Regulation. California has a specific interest in regulating conduct outside of California that specifically invokes California emissions requirements and regulations, and California has an interest in preventing illegal practices that involve breach of California emissions law that Defendant has chosen to invoke outside of California in the specific States covered. California also has a supreme interest in applying its own consumer protection laws in

ensuring that the California Emissions Warranty is properly interpreted and applied wherever VW has chosen to invoke it.

89.    Under the facts of this specific case, the law of California should be applied because California's interest would be more impaired if its consumer laws to enforce the California Emissions Warranty were subordinated to consumer laws of the other States to which VW has chosen to apply the requirements of the California Emissions Warranty. Other jurisdictions' interests in applying their own consumer protection laws to their own residents do not strongly outweigh the interest California has in applying its consumer protection laws to enforce the California Emission Warranty with respect to the specific potential out-of-state members of the Classes identified herein. Therefore, the Classes alleged herein include persons who purchased or leased Class Vehicles that are registered in States other than California.

90.    There is sufficient similarity among all the Class Vehicles and VW's conduct as defined herein in that, among other things, all of the vehicles in the proposed Classes are subject to the same California Emissions Warranty and the same requirements that VW report all emissions-related defects to CARB pursuant to the CCR.

91.    VW has acted in a uniform manner with respect to all Class Vehicles by failing to properly cover in tank fuel pumps in the Class Vehicles as required under the California Emissions Warranty and as described herein.

92.    In sum, there are multiple clear nexuses between California and the other states: each state at issue chose to use California's Emissions Warranty law; VW chose to incorporate California's emissions warranty into its warranty in other states; and VW allegedly made misrepresentations to California's regulator, CARB. Further, is no credible contention that these other states would choose to apply their own consumer protection law in this situation, given that they have already chosen to piggyback off California's consumer protection law. California

and the other states each have an interest in having California's law interpreted correctly: their interests are not in tension, and even if they must be balanced, California's outweighs the other states.

93.    Accordingly, Plaintiff's proposed Class and Subclasses consist of and are defined as follows:

California Class and Subclass:

> All persons in the State of California who have been owners or lessees of Class Vehicles and whose in tank fuel pumps are not covered for 15-years or 150,000-miles (the "California Class").

> All persons in the State of California who have been owners or lessees of Class Vehicles and who have paid for repairs and parts pertaining to in tank fuel pumps which occurred prior to 15-years or 150,000-miles (the "California Out-of-Pocket Subclass").

Reg. 177 Class and Subclass:

> All persons who have been owners or lessees of Class Vehicles in a State which, in the year their vehicle was distributed, had adopted the California Emissions Warranty (i.e., "Reg. 177 States" or "Section 177 States) who have been owners or lessees of Class Vehicles and whose in tank fuel pumps are not covered for 15-years or 150,000-miles (the "Reg. 177 Class").

> All persons who have been owners or lessees of Class Vehicles in a State which, in the year their vehicle was distributed, had adopted the California Emissions Warranty (i.e., "Reg. 177 States" or "Section 177 States) who have been owners or lessees of Class Vehicles and who have paid for repairs and parts pertaining to in tank fuel pumps which occurred prior to 15-years or 150,000-miles (the "Reg. 177 Out-of-Pocket Subclass").

> Excluded from the Classes and Subclasses are Defendant, and its subsidiaries and affiliates; its current and former officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing. Also excluded are any judge, justice, or judicial officer presiding over this matter and the members of their

1    immediate families and judicial staff.

2    94.    On behalf of the members of the Classes, Plaintiff seeks declaratory

3    judgment/relief pursuant to 28 U.S.C. section 2201 et seq as to, *inter alia*, (1) that

4    the in tank fuel pumps  in the Class Vehicles is an 'emissions-related part"; (2)

5    that VW has used, and continues to use, the wrong or incorrect standards for

6    identifying "emission-related" parts under the California Emissions Warranty; (3)

7    that VW failed and is failing to properly identify and warrant under the California

8    Emissions Warranty all of the parts, components or systems in addition to the in

9    tank fuel pumps , that should have been properly covered for emissions-related

10   defects as identified, *inter alia*, per the fault codes on the Class Vehicles OBD2

11   Summaries described herein; and/or, (4) that Plaintiff and members of the Classes

12   are entitled to warranty coverage under California Emissions Warranty for all VW

13   vehicle parts not properly identified as warranted parts under the California

14   Emissions Warranty as described or defined herein.

15   95.    On behalf of the members of the Classes, Plaintiff seeks

16   reimbursement or restitution for, *inter alia*, the out-of-pocket expenses, including

17   diagnostic fees for amounts wrongfully paid by Plaintiff and members of the

18   Classes relating to repairs that should have been covered by the VW's California

19   Emissions Warranty during the Class periods.

20   96.    There are common questions of law and fact as to members of the

21   Class and Subclasses that predominate over questions affecting only individual

22   members, including, but not limited to:

23   (a)    Whether VW has failed and is failing to acknowledge that the in tank

24          fuel pumps installed in the Class Vehicles should be covered under

25          the 15-year, 150,000-mile California Emissions Warranty, pursuant

26          to California law;

27   (b)    Whether VWs failure to comply with the California Emissions

28          Warranty by failing to provide a 15-year, 150,000-mile California

Emissions Warranty for the in tank fuel pumps installed in the Class Vehicles damaged Class members when they purchased or leased a Class Vehicle with a less valuable warranty than they were entitled to;

(c)     Whether VW has engaged in and is engaging in a systematic business practice of failing to identify that the in tank fuel pumps installed in the Class Vehicles should be covered under the 15-year, 150,000-mile California Emissions Warranty, pursuant to California law;

(d)     Whether VW's conduct is an unlawful and unfair business practice in violation of California Business & Professions Code section 17200, *et seq.*;

(e)     Whether Plaintiff and Class members are entitled to declaratory and injunctive relief regarding VW's failure to identify that the in tank fuel pumps installed in the Class Vehicles should be covered under the 15-year, 150,000-mile California Emissions Warranty, pursuant to California law;

(f)     The appropriate remedy for VW's violations of California law.

97.     There is a well-defined community of interest in the litigation and the Class members are readily ascertainable:

(a)     Numerosity: The Class members are so numerous that joinder of all Class members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

(b)     Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom he has a well-

1    defined community of interest, and Plaintiff's claims (or defenses, if

2    any) are typical of all Class members as demonstrated herein.

3    (c)    Adequacy: Plaintiff is qualified to, and will, fairly and adequately

4    protect the interests of each Class member with whom he has a well-

5    defined community of interest and typicality of claims, as

6    demonstrated herein. Plaintiff acknowledges that he has an obligation

7    to make known to the Court any relationship, conflicts or differences

8    with any Class member. Plaintiff's attorneys, the proposed Class

9    counsel, are versed in the rules governing class action discovery,

10    certification, and settlement. Plaintiff has incurred, and throughout

11    the duration of this action, will continue to incur costs and attorneys'

12    fees that have been, are, and will be necessarily expended for the

13    prosecution of this action for the substantial benefit of each Class

14    member.

15    (d)    Superiority: The nature of this action makes the use of class action

16    adjudication superior to other methods. A class action will achieve

17    economies of time, effort, and expense as compared with separate

18    lawsuits, and will avoid inconsistent outcomes because the same

19    issues can be adjudicated in the same manner and at the same time for

20    the entire class.

21    **TOLLING OF THE STATUTE OF LIMITATIONS**

22    98.    VW has engaged in misleading and dishonest conduct relating to its

23    failure to identify all of the parts, including in tank fuel pumps, that should be

24    covered pursuant to the California Code of Regulations regarding the California

25    Emissions Warranty. Despite acting diligently, Plaintiff and Class members lacked

26    the resources and had no realistic ability to identify the specific parts that should

27    have been covered. Plaintiff and Class members cannot be reasonably expected on

28    their own to learn or discover what parts should be covered under the California

CLASS ACTION COMPLAINT

Emissions Warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and Class members, and the statute of limitations for bringing the claims set forth herein should be tolled.

99.    VW has actual and constructive knowledge that it is violating California law by failing to identify all of the parts that should be covered under the California Emissions Warranty. VW has concealed from Plaintiff and Class members that VW is violating California law as set forth herein. Any applicable statute of limitation is tolled by VW's wrongful conduct set forth herein, and VW is estopped from relying on any statute of limitation because of its conduct as set forth herein.

**FIRST CAUSE OF ACTION**

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

**By Plaintiff, the California Class, and the Reg. 177 Class Against Defendant**

100.    Plaintiff re-alleges and incorporates by reference each allegation set forth above.

101.    California Business and Professions Code section 17200, *et seq*. (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." VW has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

102.    The UCL imposes strict liability. Plaintiff need not prove that VW intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

103.    VW is a "person" as defined by Business & Professions Code § 17201.

104.    As a direct and proximate result of VW's acts and practices in violation of the UCL, Plaintiff and members of the California Class and the Reg.

177 Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

## Unlawful Prong

105.   A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including the standard of professional conduct.

106.   The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

107.   VW's conduct is unlawful because it violates the California Code of Regulations, including the requirement under the California Code of Regulations, by failing to provide coverage under the California Emissions Warranty.

108.   VW's conduct violates California Code of Regulations section 1900, et seq., because VW fails to identify the in tank fuel pump as a part that should be covered under the 15-year/150,000-mile California Emissions Warranty.

109.   VW's conduct is unlawful because it fails on a systemic and class wide basis to provide coverage for in tank fuel pumps installed in the Class Vehicles for 15-years or 150,000-miles, as required pursuant to CCR Section 1900, et seq., and pursuant to VW's warranty book.

110.   VW's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

## Unfair Prong

111.   An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific

1    constitutional, statutory, or regulatory provisions. VW's conduct violates all of

2    these definitions.

3         112.    As alleged above, VW engages and has engaged in a systematic

4    business practice of failing to identify for consumers and its factory authorized

5    repair facilities that the in tank fuel pumps installed in the Class Vehicles are

6    covered by the California Emissions Warranty. VW does this in an effort to reduce

7    the amount of money that VW spends on warranty-related repairs knowing that it

8    would be very difficult if not impossible for most consumers to discover this

9    unlawful conduct. If VW complied with California law and properly identified

10   that the in tank fuel pumps installed in the Class Vehicles should be identified as

11   covered under the 15-years, 150,000-miles California Emissions Warranty, then

12   VW dealerships would properly provide warranty coverage for said parts.

13        113.    Further, VW's conduct is unfair because it refuses to provide

14   warranty coverage for in tank fuel pumps  installed in the Class Vehicles pursuant

15   to the California Emissions Warranty for 15-years or 150,000-miles for the sole

16   purpose of wrongfully limiting its warranty claims, with no regard for the fact that

17   the public is being forced to pay for repairs which should be covered under the 15-

18   year 150,000-mile California Emissions Warranty, or that the public is being

19   provided with a warranty that is less valuable than the warranty they are legally

20   entitled to at the time of purchase or lease of their Class Vehicle. Plaintiff and

21   members of the Class have wrongfully been denied warranty coverage at service

22   centers throughout California and have suffered injury in fact and a loss of money

23   or property as a result of VW's unfair business acts and practices as set forth in

24   detail.

25        114.    VW's failure to properly identify that in tank fuel pumps installed in

26   Class Vehicles should have been covered under the 15-year, 150,000-mile

27   California Emissions Warranty is a uniform and systematic statewide business

28

CLASS ACTION COMPLAINT

1   practice on the part of VW to minimize the amount of money that VW has to pay

2   out in warranty claims. This conduct violates California law.

3       115.   All of the acts and practices of VW as described in this complaint

4   constitute "unfair" business acts and practices. A business act or practice is

5   "unfair" under the UCL if the reasons, justifications, and motives of the alleged

6   wrongdoer are outweighed by the gravity of the harm to the alleged victims.

7   Plaintiff has suffered injury in fact and a loss of money or property as a result of

8   VW's unfair business acts and practices as set forth herein in detail. It is Plaintiff's

9   information and belief that Class members have also suffered injury as a result of

10  VW's wrongful conduct.

11      116.   As a direct and proximate result of VW's acts and practices in

12  violation of the UCL, Plaintiff and members of the Class have paid out of pocket

13  to repair or replace emissions components that should have been covered by VW

14  under the 15-year 150,000-mile California Emissions Warranty. Forcing

15  consumers to pay out of pocket to repair or replace vehicle components that

16  should be covered under warranty is clearly unfair.

17      117.   As a direct and proximate result of VW's acts and practices in

18  violation of the UCL, Plaintiff and members of the Class have purchased or leased

19  Class Vehicles which provided inadequate, truncated, and less valuable warranty

20  coverage to the in tank fuel pumps than they were legally entitled to, as alleged

21  herein. Failing to provide customers with California Emissions Warranty coverage

22  for in tank fuel pump defects in Class Vehicles which increase regulated

23  emissions, in violation of the CCR, is clearly unfair.

24      118.   VW's conduct does not benefit consumers or competition. Plaintiff

25  and Class members could not reasonably avoid the injury each of them suffered or

26  will suffer, which injury is substantial. VW's conduct only benefits VW, by

27  enabling VW to avoid having to pay warranty claims for defective in tank fuel

28

1   pumps in Class Vehicles which should be covered by the 15-year 150,000-mile

2   California Emissions Warranty.

3       119.   The gravity of the consequences of VW's conduct as described above

4   outweighs the justification, motive, or reason and therefore, is immoral, unethical,

5   and unscrupulous, and offends established public policy that is tethered to

6   legislatively declared policies as set forth in the laws detailed above, or is

7   substantially injurious to the public, for the reasons set forth above.

8       120.   VW's conduct also offends established public policy that is tethered

9   to legislatively declared policies as set forth in the laws detailed above, including

10  California laws and regulations regarding California's Emission Control System

11  Warranty Requirements, or is substantially injurious to the public, for the reasons

12  set forth above.

13      121.   To the extent that any definition of "unfair" requires a balancing test

14  or weighing various factors, such an inquiry is fact intensive and requires a full

15  factual record as to VW's justification and motives for its conduct, and as to the

16  impact of VW's conduct on Plaintiff and Class members.

17      122.   VW's acts of unfair competition as set forth above present a

18  continuing threat and will persist and continue to do so unless and until this Court

19  issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs

20  pursuant to, *inter alia*, C.C.P. § 1021.5.

### PRAYER FOR RELIEF

22      WHEREFORE, Plaintiff, on behalf of himself and all others similarly

23  situated, prays for relief and judgment against VW as follows:

24      1.     For an order certifying this case as a class action, appointing Plaintiff

25  as the representative of the Classes and Subclasses, and appointing counsel for

26  Plaintiff as Class Counsel;

27      2.     That the Court declare, adjudge, and decree that VW is financially

28  responsible for notifying all Class members about the wrongful conduct set forth

herein; that VW's conduct as alleged herein violates the California Emissions Warranty laws because VW has, among other things, used, and continues to use, the wrong or incorrect standards for identifying "emissions-related" parts under the California Emissions Warranty; VW failed and is failing to properly identify and warrant under the California Emissions Warranty in tank fuel pumps and/or all of the parts, components or systems that should have been properly covered for emissions-related defects as identified and limited as described herein, and/or that Plaintiff and the members of the Class are entitled to warranty coverage under California Emissions Warranty for in tank fuel pumps in Class Vehicles under the California Emissions Warranty as described or defined herein; and an order requiring VW to, *inter alia*, review its warranty books for all Class Vehicles and properly identify and warrant in tank fuel pumps and, on a going forward basis, use the proper standard for determining whether a part is "emissions-related" under the California Emissions Warranty;

3.     That the Court declare, adjudge, and decree that VW is responsible for notifying all Class members about the wrongful conduct set forth herein;

4.     That the Court declare, adjudge, and decree that VW's failure to identify and warrant in tank fuel pumps in Class Vehicles pursuant to the California Emissions Warranty constitutes an unfair and unlawful business practice in violation of California Business and Professions, Civil Code sections 17200, *et seq.*;

5.     For declaratory relief pursuant to 28 U.S.C. section 2201 that VW is in violation of, and must comply with, the California Emissions Warranty, namely, that VW, *inter alia*, identify and cover the in tank fuel pumps in Class Vehicles under the California Emissions Warranty;

6.     For an order declaring and enjoining VW from further unfair and unlawful distribution, sales, and lease practices and compelling VW to properly and fully identify that in tank fuel pumps in Class Vehicles is covered pursuant to

CLASS ACTION COMPLAINT

the California Emissions Warranty. Further, VW will provide restitution for amounts wrongfully paid by Plaintiff and Class members relating to these repairs which should have been covered by VW under the California Emissions Warranty, as well as the amount by which consumers overpaid for the purchase or lease of their vehicle as a result of the truncated and noncompliant warranties provided to them at the time of purchase or lease;

7.     For an award to Plaintiff and the Out-of-Pocket Subclass members of any repair costs they are owed;

8.     For the appointment of a receiver, as necessary, to receive, manage and distribute any and all funds from VW and determined to have been wrongfully acquired by VW as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

9.     For an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

10.    For an award of attorneys' fees and costs, as otherwise allowed by law;

11.    For an award of pre-judgment and post-judgment interest;

12.    For leave to amend the Complaint to conform to the evidence produced at trial; and,

13.    For all other relief as may be appropriate under the circumstances.

Dated: February 16, 2023          Respectfully submitted,

**THE LAW OFFICE OF ROBERT STARR**
**FRONTIER LAW CENTER**

By: _____ /s/ Adam Rose_____

Robert L. Starr
Manny Starr

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT